PLEWS v. BURRAGE.    (No. 999.)

BURRAGE v. PLEWS.    (No. 877.)

(District Court, D. Massachusetts.    October 27, 1919.)

1. INJUNCTION ⇐26(5)—RESTRAINING ACTION AT LAW; EQUITY JURISDICTION.
   Where a judgment pleaded as a bar by defendant in an action at law was the result of a long and expensive trial, equity has jurisdiction to entertain a suit to enjoin prosecution of the action.

2. JUDGMENT ⇐683—RES JUDICATA; ASSIGNOR BOUND BY JUDGMENT AGAINST ASSIGNEE.
   Decree for defendant in a suit brought by an assignee of a contract, with consent of the assignor and in his interest, to set aside a second assignment to the obligor for fraud, *held* a bar to a subsequent action by the original assignor to enforce the contract.

At Law. Action by Arthur S. Plews against Albert C. Burrage. On motion by plaintiff to require answer. Denied.

In Equity. Suit by Albert C. Burrage against Arthur S. Plews. On motion by complainant for preliminary injunction. Granted.

In 999 Law:

Whipple, Sears & Ogden and Sherman L. Whipple, all of Boston, Mass., for plaintiff.

Boyd B. Jones, of Boston, Mass., for defendant.

In 877 Equity:

Henry F. Hurlburt and Hurlburt, Jones & Hall, all of Boston,. Mass., for plaintiff.

Whipple, Sears & Ogden and Sherman L. Whipple, all of Boston, Mass., for defendant.

MORTON, District Judge. The bill in equity in the state court was brought by Ross "for the benefit of himself and Arthur S. Plews * * * as his interest may appear." The present bill in equity alleges—and I understand the fact not to be disputed—that in bringing that suit Ross acted with the consent of Plews and under an agreement with him whereby Plews was to receive one-third of whatever might be recovered. The prayers of the bill in the state court were, so far as. here material, that the assignment of the so-called "commission note" to Burrage be set aside, and that the obligations of it be enforced against him. The question whether Burrage had obtained the "commission note" by fraud was basic. If he had obtained it honestly, that was the end of the plaintiff's case; and the decision was that he had so obtained it.

In the present action at law Plews is suing on the same "commission note." Admittedly his rights under it have, formally at least, been assigned through Ross to Burrage. When this assignment is pleaded by the defendant, the plaintiff avowedly intends to reply that the assignment was obtained by fraud and is invalid. The present questions. are whether the action at law involves as a requisite to recovery therein issues which have been decided against the plaintiff in the state court, and, if so, whether Burrage has standing in equity to enjoin the action at law in this court, or should be left to make his defense of res judicata in the action itself.

[1] As to the latter question: The case in the state court occupied 104 trial days before the master. It cost the parties, for stenographer's fees and for master's fees in excess of the regular compensation, upwards of $40,000. It is evident that to compel a defendant to retry such a case, even though he have a good defense, is to impose a great hardship on him. It is a hardship sufficiently great to entitle him, in my opinion, to invoke the aid of equity for relief from it.

[2] The fundamental question involved in the present action at law, viz. the liability of Burrage on the "commission note," was litigated in the state court proceedings. His defense that he is now owner of it by assignment from Ross and Plews was there sustained. Plews authorized that suit, was to profit by it, if successful, and was in fact a party to it, and he must abide the result. He cannot divide his claim of fraud against Burrage and present it piecemeal, and he ought not to be allowed, by invoking the jurisdiction of this court, to experiment again with the same cause somewhat differently stated. Moreover, in view of the state court decision, the present action at law necessarily involves a disaffirmance by the plaintiff of his assignment of the "commission note" to Ross. The decision in favor of Burrage was based, not on any original want of interest on the part of Ross in the contract sued on, but upon the fact that Ross, as owner

of the contract (or "note"), had made a binding sale of it to the defendant and therefore had no further interest in it. It is not open to the plaintiff, after having authorized Ross to bring such a suit and allowed that suit to go to final judgment, to disaffirm his assignment.

It follows that in the action at law the defendant's motion for a stay pending the final disposition of the equity suit should be granted, and that the plaintiff's motion that the defendant be required presently to answer, be denied, and that in the equity suit the plaintiff's motion for a temporary injunction (or restraining order) should be granted, and the defendant's motion to dismiss should be denied.

Orders and decrees may be presented accordingly.